**Petition for Writ of Mandamus Denied and Memorandum Opinion and Concurring Memorandum Opinion filed January 28, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00691-CV

---

### IN RE VALERO REFINING TEXAS, L.P., Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
295th District Court
Harris County, Texas
Trial Court Cause No. 2018-36172**

---

## CONCURRING MEMORANDUM OPINION

I concur in the denial of the mandamus at this time because Valero has not established that it is entitled to extraordinary relief. This case does not come to us on cross-motions for summary judgment. The plaintiffs and intervenors argued below that Valero has waived its right to assert the exclusive-remedy provision of the Texas Worker's Compensation Act. (Waiver is generally a fact question although they seemed to argue waiver as a matter of law.) They also argued below that fact

issues precluded Valero's permissive interlocutory appeal. The trial court denied both motions presumably because the court found a fact issue.

Valero asserts as a ground for extraordinary relief that waiting for an appeal after a minimum of three trials on the merits of the case for what it characterizes as a mass tort is extraordinary. Valero also argues that it will be prejudiced by having to try the immunity defense with the merits of the case. These issues can be remedied by asking for a separate trial on the immunity issue on remand. This trial should take place before the trial on the merits. Valero notes (in footnote 5 of its petition for mandamus) that the court can avoid prejudice through this separate trial procedure. Yet Valero provided no excuse for not seeking this method before a petition for mandamus. If the trial court had denied such a motion, then my review of this mandamus would have been quite different.

I respectfully concur in the denial at this time.


/s/ Tracy Christopher
Justice


Panel consists of Justices Christopher, Spain, and Poissant. (Christopher, J., concurring). (Poissant, J., joining both the Memorandum Opinion and Concurring Memorandum Opinion).

2